UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

COURTNEY RICHMOND,                          CIVIL NO. 14-CV-3566 (PJS/JSM)

     Plaintiff,

v.                                                          REPORT AND RECOMMENDATION

STATE OF MINNESOTA; ATTORNEY
GENERAL OFFICE; HENNEPIN COUNTY
MEDICAL CENTER; HENNEPIN COUNTY
JAIL; and BROOKLYN CENTER POLICE
DEPT.,

     Defendants.


JANIE S. MAYERON, United States Magistrate Judge

Plaintiff Courtney Richmond sued the City of Brooklyn Center and three Brooklyn

Center police officers in 2003, alleging that the police officers had violated his rights in

April 2001, by performing a strip search and body-cavity search in an unreasonable

manner.  Among other findings, the jury found that "(1) no officer used excessive force,

assaulted or battered Richmond; (2) the alleged body cavity search of Richmond did not

occur; (3) exigent circumstances were present to justify a body cavity search, had one

occurred; . . . [and] (5) Officer Bruce did not conduct the strip search in a reasonable

manner; . . ."  *Richmond v. City of Brooklyn Center*, 490 F.3d 1002, 1005-06 (8th Cir.

2007).  The jury awarded nominal damages in the amount of $35,000 to Richmond after

finding that, although Officer Bruce had conducted a strip search in an unreasonable

manner, Richmond was not injured by the officer's actions.  *Id.* at 1006.  Richmond

moved for a new trial on a variety of issues, including whether a body cavity search

occurred, and Officer Bruce moved for judgment as a matter of law based on qualified

immunity and for a reduction of the nominal damages award to $1.00.  *Id.*  The District

Court denied all post-trial motions except for Officer Bruce's motion to reduce the nominal damages to $1.00, which the court granted. *Id.* On appeal, the Eighth Circuit reversed, finding that the officer was shielded from liability by the doctrine of qualified immunity. *Id.* at 1009.

Dissatisfied with this outcome, Richmond has filed six pro se lawsuits in this District Court relating to the original lawsuit, including the current case. *See Richmond v. Brooklyn Center PD*, No. 11-CV-1303 (DSD/AJB) (D. Minn. filed May 19, 2011); *Richmond v. State of Minnesota*, No. 14-CV-0749 (MJD/LIB) (D. Minn. filed Mar. 17, 2014); *Richmond v. State of Minnesota*, No. 14-CV-1216 (PJS/TNL) (D. Minn. filed Apr. 21, 2014); *Richmond v. State of Minnesota*, No. 14-CV-1725 (PJS/TNL) (D. Minn. filed June 2, 2014); *Richmond v. State of Minnesota*, No. 14-CV-3190 (DWF/LIB) (D. Minn. filed Aug. 18, 2014). In each of these six cases, Richmond has alleged that officials with the State of Minnesota, the City of Minneapolis, the City of Brooklyn Center, Hennepin County, the Hennepin County Medical Center, the Hennepin County Jail, or others conspired to conceal evidence that would have entitled him to relief in his original lawsuit.[1]

None of Richmond's previous five pro se complaints has stated a claim on which relief can be granted. Four of the five complaints have been summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii). Richmond appealed two of those four dismissals, and both dismissals were summarily affirmed by the Eighth Circuit Court of Appeals. In the fifth lawsuit, which is still pending, Richmond was permitted an opportunity to file an

---

[1] Richmond has also brought two pro se complaints unrelated to his original litigation. *See Richmond v. City of Minneapolis*, No. 14-CV-1777 (DSD/SER) (D. Minn. filed June 4, 2014); *Richmond v. City of Minneapolis*, No. 14-CV-1798 (PJS/TNL) (D. Minn. filed June 5, 2014). The first of those complaints was voluntarily dismissed by Richmond; the second was summarily dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

amended complaint curing the defects of his original pleading, but he has not yet done so.  *See Richmond*, No. 14-CV-3190.

This matter is before the undersigned United States Magistrate Judge on Richmond's application for leave to proceed *in forma pauperis* ("IFP") in his sixth pro se lawsuit relating to his original case.  *See* 28 U.S.C. § 1915(a)(1).  The matter was referred to the undersigned by the District Court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Like all the other pro se complaints previously filed by Richmond, the current complaint fails to state a claim on which relief may be granted.  Accordingly, this Court recommends that Richmond's IFP application be denied, and that this case be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  This Court also recommends that the Clerk of Court be directed to identify Richmond as a "Restricted Filer" and refuse to file any new cases submitted by Richmond arising out of his first suit against the City of Brooklyn Center and three Brooklyn Center officers, unless he is represented by counsel or receives prior written authorization from a judicial officer of this District Court.

## I.  RICHMOND'S COMPLAINT

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched

as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

As in five of Richmond's previous pro se lawsuits, Richmond again alleges in the instant complaint that defendants failed to turn over evidence that would have been proven crucial in his initial lawsuit against the City of Brooklyn Center and the three Brooklyn Center police officers. Specifically, Richmond alleges that defendant Hennepin County Medical Center ("HCMC") and defendant Hennepin County Jail failed to turn over a "narrative note" from the night of his encounter with Brooklyn Center police officers. Complaint, ¶¶ 28, 36 [Docket No. 1]. According to Richmond, this narrative note corroborated his allegations that the Brooklyn Center police officers conducted a body-cavity search in an unreasonable manner. *Id.* Based on those allegations, Richmond brings this lawsuit against HCMC, the State of Minnesota, the Minnesota Attorney General's Office, the Hennepin County Jail, and the Brooklyn Center Police Department.

As with his previous complaints, there are myriad problems with Richmond's current Complaint. This Court will note only a few of the most egregious.

First, there is no basis in the complaint for several of the named defendants to be included in this litigation. The crux of Richmond's complaint is that HCMC and the Hennepin County Jail failed to turn over evidence that would have altered the outcome of his original case. This explains why Richmond seeks recovery from HCMC and the Hennepin County Jail, but it does not explain why he has brought claims against the other defendants. Indeed, Richmond's current complaint states no substantive factual allegations at all relating to the State of Minnesota, the Minnesota Attorney General's

Office, or the Brooklyn Center Police Department.  In short, there are no facts upon which this Court can conclude that Richmond can sustain viable claims against those defendants.

Second, because each of the parties to this litigation is a citizen of Minnesota (and thus jurisdiction based on diversity of citizenship does not apply), this Court has jurisdiction over this lawsuit only if the action arises "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The only federal law referenced by Richmond in his complaint is the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  *See* Complaint, Count Two titled "Violation of chapter 13, Title 5 Section 552".  But "FOIA is concerned only with shedding light on misconduct of the *federal* government . . . ."  *Rimmer v. Holder*, 700 F.3d 246, 258 (6th Cir. 2012).  "'[I]t beyond question that FOIA applies only to federal and not to state agencies.'"  *Id.* (quoting *Grand Cent. P'ship v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999)).  No federal agency is a party to this litigation, and thus FOIA has no relevance to this suit.  Any claim under FOIA fails, and consequently, there is no federal question presented to support jurisdiction in this Court.

Third, Richmond's remaining claim under the Minnesota Government Data Practices Act, Minn. Stat. §§ 13.01 et seq., is brought pursuant to state law.  Whatever the merits of this claim, this Court lacks jurisdiction over it unless the Court exercises supplemental jurisdiction under 28 U.S.C. § 1367.  The Eighth Circuit has made clear, however, that when all federal claims in a complaint have been dismissed before trial, the court should decline to exercise supplemental jurisdiction over the remaining state law claims.  *See Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).  Accordingly, this Court declines to entertain Richmond's state law claim, and any such claim must be dismissed without prejudice.

5

Fourth, Richmond brings claims against entities that are not amenable to suit. The State of Minnesota, for example, is generally immune from suit in federal court under the Eleventh Amendment, *see Alabama v. Pugh*, 438 U.S. 781 (1978) (per curiam), and "county jails are not legal entities amenable to suit," s*ee, e.g.*, *Owens v. Scott Cnty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam).  Any claims brought against those defendants are doomed from the outset.

Fifth, it appears that Richmond conceives of this lawsuit as an attempt to reopen his original litigation, as he requests that "the jury's award of damages be reinstated JNOV or in the alternative, he be given a new trial."  Complaint, p. 9.  The correct means to seek such relief is not through filing a new complaint (or through filing six new complaints, as Richmond has done), but through filing a motion in the original proceeding for relief from the judgment entered in that case.

But even if Richmond did bring such a motion on the basis of the evidence trumpeted by him, it would inevitably be futile.  Fed. R. Civ. P. 60(c) requires that any motion for relief from a judgment based on newly discovered evidence be brought within one year after the entry of judgment.  It is now almost seven years since judgment was entered in Richmond's original lawsuit.  *See Richmond v. City of Brooklyn Center*, No. 03-CV-3195 (MJD/JSM) (D. Minn. filed May 15, 2003).  Any attempt to reopen that suit on account of his "newly discovered evidence" — evidence that he alleges to have discovered in 2008, *see* Compl. ¶ 36 — is plainly too late.[2]

---

[2]     Even if Richmond's motion were timely, the "newly discovered evidence" touted by Richmond is extraordinarily weak.  Richmond alleges that a "narrative note" written at HCMC a few days after his encounter with the Brooklyn Center police officers — but not produced until years later and after his trial — shows that the officers did in fact perform an unreasonable body-cavity search.  But it appears that this narrative note is simply a dictation by a doctor or nurse at HCMC recording what Richmond had said occurred on

For those reasons, this Court concludes that, even with the liberal construction that is required in pro se cases, Richmond's Complaint fails to state a claim on which relief can be granted.  Because Richmond's Complaint fails to state an actionable claim for relief, his IFP application should be denied, and this case should be summarily dismissed under § 1915(e)(2)(B)(ii).

## II.    RESTRICTED FILER STATUS

Pro se litigants, of course, have a right of access to the courts.  That right, however, does not ensure an unrestricted opportunity to file frivolous, malicious, or abusive lawsuits.  *See In re Tyler*, 839 F.2d 1290, 1292 (8th Cir. 1988) (noting that "there is 'no constitutional right of access to the courts to prosecute an action that is frivolous or malicious.'") (quoting *Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) (per curiam)).  "Frivolous, bad faith claims consume a significant amount of judicial resources, diverting the time and energy of the judiciary away from processing good faith claims."  *Tyler*, 839 F.2d at 1292 (quotations omitted).  Such "excessive litigation" imposes "unnecessary burdens on, and the useless consumption of, court resources."  *Id*.  A federal court "has authority to control and manage matters pending before it," and "may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process."  *Id*. at 1292, 1293.

---

the evening at issue.  Adding this narrative note to the evidence under consideration would have been highly unlikely, by itself, to have swayed the jury to believe Richmond's account of what occurred regarding the body-cavity search.  *See Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 472 (8th Cir. 2011) (noting that, to succeed on a motion for relief from a judgment based on newly discovered evidence, a litigant must show (among other things) that "the evidence is such that a new trial would probably produce a different result.").

Richmond has now filed six largely identical lawsuits in this District Court, including five such lawsuits during the previous year.  In each instance, the Court has explained to Richmond that his complaint fails to state a claim on which relief can be granted.  Yet even where Richmond has been provided an opportunity to amend his complaint in pending litigation, he has ignored that opportunity and opted to file an entirely new — yet substantively indistinguishable — complaint in a new proceeding.

Given Richmond's history of repetitive, non-meritorious, and often frivolous lawsuits, it is now necessary and appropriate to protect the District Court and its staff from any further abusive submissions by Richmond.   Accordingly, this Court recommends that, in addition to dismissing Richmond's current complaint, he be restricted from filing new cases in this District Court arising out of his original suit against Brooklyn Center and the three Brooklyn Center officers, unless he is represented by counsel or receives prior written authorization from a judicial officer in this District Court.   Such a restriction will not preclude Richmond from pursuing meritorious claims for relief; it will only prevent him from filing further frivolous and repetitive pleadings.

## III.    RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1.    Plaintiff Courtney Richmond's application to proceed *in forma pauperis* [Docket No. 2] be DENIED.

2.    The Complaint [Docket No. 1] be SUMMARILY DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

3.      Richmond be restricted from filing any new cases arising out of his original

suit against Brooklyn Center and the three Brooklyn Center officers in this

District Court unless (1) he is represented by counsel or (2) he receives

prior written authorization from a judicial officer in this District Court.

Dated:      October 3, 2014

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **October 17, 2014**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof.  Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Eighth Circuit Court of Appeals.